This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39195**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BRENDA AGUILAR
a/k/a BRENDA HOLLIS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
Dustin K. Hunter, District Judge**

Hector Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant, Brenda Aguilar, appeals the district court's denial of her motion to withdraw her plea agreement. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}** The facts are not in dispute and are known to the parties. We therefore avoid unnecessary repetition here and focus on the substance of Defendant's arguments.

**{3}**     Defendant first continues to argue that the State's failure to inform her that Agent Juarez was charged with criminal offenses three years after participating in securing and executing the search warrant in this case constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and she should have been allowed to withdraw her plea. *See id.* at 87 (requiring the prosecution to disclose evidence in its possession that could be favorable to a defendant). "A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court, and we review the trial court's denial of such a motion only for abuse of discretion." *State v. Carlos*, 2006-NMCA-141, ¶ 9, 140 N.M. 688, 147 P.3d 897. "A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was not knowingly and voluntarily given." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300.

**{4}**     In order to establish a *Brady* violation, "a defendant must prove three elements: first, the evidence was suppressed by the prosecution; second, the suppressed evidence was favorable to the defendant; and third, it was material to the defense." *State v. Turrietta*, 2013-NMSC-036, ¶ 35, 308 P.3d 964. As we stated in our notice of proposed summary disposition, Defendant did not establish below that the prosecution, rather than the police, failed to disclose information regarding the investigation of Agent Juarez for alleged criminal conduct. *See State v. Stevenson*, 2020-NMCA-005, & 18, 455 P.3d 890 (determining that the defendant did not establish a *Brady* violation where the defendant failed to raise a viable question as to the first prong of the *Brady* test because "[a]bsent information indicating a member of the prosecution team, as opposed to an unidentified APD officer, possessed the information, knowledge of that information cannot be imputed to the prosecutor and, therefore, no prosecutorial suppression occurred").

**{5}**     Defendant also continues to argue that the State's failure to disclose the investigation regarding Agent Juarez rendered her counsel ineffective. "Where, as here, a defendant is represented by an attorney during the plea process and enters a plea upon the advice of that attorney, the voluntariness and intelligence of the defendant's plea generally depends on whether the attorney rendered ineffective assistance in counseling the plea." *State v. Barnett*, 1998-NMCA-105, & 12, 125 N.M. 739, 965 P.2d 323. "We afford de novo review of mixed questions of law and fact concerning the ineffective assistance of counsel." *Id.* & 13.

**{6}**     " 'To establish ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense.' " *State v. Paredez*, 2004-NMSC-036, & 13, 136 N.M. 533, 101 P.3d 799 (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Defendant argues again that, had counsel been aware of the investigation, he could have filed a motion to suppress and that the information might have shown that the search warrant was issued based on fraudulent information. [MIO 5, 6] As discussed above, however, Defendant has not established that the State violated its obligations under *Brady*, and Defendant cites to no authority to suggest that counsel is ineffective when the State fails to disclose information that it is not under an obligation to disclose. *See State v. Guerra*, 2012-NMSC-027, & 42, 284 P.3d 1076 (indicating that where a defendant cites no

supporting authority from any jurisdiction, we may presume that no such authority exists). Additionally, Defendant did not establish below how the charges against Agent Juarez would have provided a basis to suppress the search warrant issued three years earlier. *See State v. Duarte*, 1996-NMCA-038, & 25, 121 N.M. 553, 915 P.2d 309 (stating that a failure to file a nonmeritorious motion is not ineffective assistance of counsel).

**{7}** We therefore determine that the record does not provide a basis to conclude that counsel's performance in the plea process was rendered deficient due to the lack of information regarding Agent Juarez's subsequent criminal charges. Moreover, Defendant has not established prejudice necessary to establish ineffective assistance of counsel, because Defendant has not shown that, had the information regarding Agent Juarez been made available, she would not have entered the plea. *See State v. Hunter*, 2006-NMSC-043, & 26, 140 N.M. 406, 143 P.3d 168 (stating that in order to show prejudice under *Strickland*'s second prong, a defendant must show that the deficient performance affected the outcome of the plea process and that the defendant had to show that, but for counsel's errors he would not have entered into the plea agreement). Defendant made no specific argument below how the information that Agent Juarez faced charges of trafficking and tampering with evidence would have been admissible to assist her at trial, nor did Defendant address any potential impeachment effect of this information in the context of the entirety of the evidence against her. Defendant's bare assertions that she would not have entered the plea had she known of the allegations against Agent Juarez are insufficient. *See State v. Mosley*, 2014-NMCA-094, & 30, 335 P.3d 244 (stating that, in cases where the defendant has accepted a plea instead of going to trial, we evaluate the prejudicial effect of his counsel's performance by considering whether there is a reasonable probability that, had counsel moved to suppress the at-issue evidence and been successful, the defendant would have gone to trial instead of entering a plea); *see also Hunter*, 2006-NMSC-043, & 26 (recognizing that defendants are generally required to adduce additional evidence to show that there is a reasonable probability that they would not have gone trial beyond self-serving statements).

**{8}** For these reasons and those stated in our notice of proposed, we affirm the district court.

**{9}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JANE B. YOHALEM, Judge**